UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAVID HOHSFIELD,

        Petitioner,

v.

DON SUTTON et al.,

        Respondents.

Civ. No. 18-10810 (FLW)

**MEMORANDUM OPINION**

**FREDA L. WOLFSON, U.S.D.J.**

    Petitioner, David Hohsfield ("Hohsfield" or "Petitioner"), is a state pretrial detainee presently housed at the Monmouth County Correctional Institute, in Freehold, New Jersey. He is proceeding *pro se* with this petition for writ of habeas corpus under 28 U.S.C. § 2241. (*See* Pet., ECF No. 1.) The Petition, when filed, did not include either a proper filing fee or an application to proceed *in forma pauperis*, but Hohsfield subsequently submitted the filing fee. Under Rule 4 of the Rules Governing § 2254 Cases (applied to this case under Rule 1 of the Rules Governing § 2254 Cases), the Court now undertakes a preliminary screening of the Petition. *See* Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, Rule 4.

    The underlying circumstances are somewhat difficult to discern from Hohsfield's Petition. It appears that Hohsfield was arrested by officers of the Howell Township Police Department for harassment, in violation of New Jersey Statutes Annotated § ("N.J.S.A.") 2C:33-4, and endangering the welfare of a child, in violation of N.J.S.A. 2C:24-4. (*See* ECF No. 1 ¶ 6.) Hohsfield alleges that, because he was subject to parole supervision for life, these charges were enhanced from a disorderly-persons offense to a fourth-degree felony. (*See id.* ¶¶ 6 & 13.)

Hohsfield specifically indicates that he "has not yet been indicted or convicted of any crimes." (*Id.* ¶ 8.)

The basis upon which Hohsfield seeks relief is also somewhat unclear. As Ground One for relief, Hohsfield alleges that "[t]he increase of punishment from a DPO to a 4th degree felony offense violates State & Federal Ex Post Facto/Double Jeopardy Clauses." (*Id.* ¶ 13.) As Ground Two, he contends, "The State Violated Petitioners Double Jeopardy Clause of the 5th Amend. by charging him multiple times for the same offense or conduct as the elements and the evidence were the same in the Harassment Offenses and the Endangering Offense." (*Id.*) Ground Three asserts that "Petitioners complaints for Harassment pursuant to NJSA 2C:33-4 did not exceed its constitutional reach and therefore was protected speech under both the State and Federal Const. Amend. 1."[1] (*Id.*) Finally, in Ground Four, Hohsfield alleges that "[t]he increased punishment of Petitioners complaints from a Disorderly Persons to a 4th degree felony violates the 8th & 14th Amend. of Cruel and Unusual Punishment as well as Deliberate Indifference towards certain persons." (*Id.*)

---

[1] In further support of this ground, Hohsfield writes,

> Petitioner argues that the utterance of Profanity which was overheard by shoppers was not directed at anyone. There was no intent to harass, threaten, or gestures made towards anyone. Petitioner asserts that there was no repeated profanity uttered to any of the shoppers and his actions were not to alarm and or seriously annoy anyone. Moreover, this happened in a Public Department Store(s) and there can be no reasonable expectation of privacy in a Walmart or Target, etc.

(ECF No. 1 ¶ 13.)

As relief, Hohsfield seeks the dismissal of the charges against him and his immediate release from detention. As alternative relief, he seeks "a remand of the Bail Reform Detention Hearing for the reasons stated above."[2]

For state prisoners, federal habeas corpus is substantially a post-conviction remedy, *Moore v. DeYoung*, 515 F.2d 437, 441–42 (3d Cir. 1975). Although "district courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a criminal judgment is entered against an individual in state court," *see Moore*, 515 F.2d at 441–42, "that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (quoting *Moore*, 515 F.3d at 445–46). Thus, the Third Circuit has held that jurisdiction without exhaustion of state court remedies should not be exercised at the pretrial stage unless extraordinary circumstances are present. *See id.* Where no such extraordinary circumstances are present and where a petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its pretrial habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies. *See Moore*, 515 F.2d at 443; *see also Sampson v. Ortiz*, Civ. No. 17-1298 (RBK), 2017 WL 4697049, at *2 (D.N.J. Oct. 19, 2017); *Caraballo v. Grewal*, Civ. A. No. 17-787 (SRC), 2017 WL 2989181, at *2 (D.N.J. July 12, 2017).

This action appears to be an attempt by petitioner to litigate constitutional defenses prematurely in federal court. *See Duran*, 393 F. App'x at 4; *Moore*, 515 F.2d at 445. Hohsfield

---

[2] The preliminary portion of the Petition alludes to alleged problems with Hohsfield's bail hearing, at one point listing, as a component of Hohsfield's "Personal Information," "Due Process right to Discovery, right to testify, and to present witnesses at a Bail Reform Act Detention Hearing pursuant to NJSA 2A:162-15, Rule 3:4-2(c)(1), et al." (ECF No. 1 ¶ 4.)

seems to allege that he challenged the subject decision or action by complaining to the Howell Township Police Department. (ECF No. 1 ¶ 7.) The proper procedure, however, is for a petitioner to exhaust his constitutional claims before all three levels of the New Jersey state courts. If he is unsuccessful (and a criminal judgment has been entered against him), a petitioner can then present his constitutional claims in this Court in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Scheffler v. Brothers*, Civ. A. No. 13-993 (FLW), 2013 WL 5287224, at *2 (D.N.J. Sept. 18, 2013) (noting that proper procedure when pretrial detainee challenged arrest in § 2241 petition was to exhaust constitutional claims at all levels of state courts and then file § 2254 habeas petition). "Once [Petitioner] has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449.

Furthermore, Hohsfield has shown no exceptional circumstances that would justify bringing his claims in this Court before they have been addressed by the state courts. Indeed, Hohsfield has not included any arguments as to why this Court must address the matter or why he could not pursue relief from the state courts. Instead, it appears that Hohsfield is simply attempting to cut short normal state processes by obtaining an order from this Court that would interfere with the ordinary course of a criminal prosecution. Writs of habeas corpus are not intended to enable such interference. *See Moore*, 512 F.2d at 443; *see also Carstarphen v. Camden Cty. Corr. Facility Warden*, Civ. No. 14-4596 (RBK), 2014 WL 4723150, at *2 (D.N.J. Sept. 19, 2014) (finding allegedly fraudulent indictment did not present extraordinary or exceptional circumstances warranting habeas relief); *Scheffler*, 2013 WL 5287224 at *2

(dismissing habeas petition challenging arrest warrant as it presented no extraordinary or exceptional circumstances). Consequently, Hohsfield's claims seeking to challenge the state criminal charges against him are dismissed without prejudice to refiling *if and when he has exhausted his remedies before the state courts*. *See Moore*, 512 F.2d at 443.

To the extent that Hohsfield attempts to raise claims concerning the imposition or terms of his parole supervision, such claims are only hinted at in the Petition. (*See* ECF No. 1 ¶ 4.) Under Rule 2 of the Rules Governing § 2254 Cases, a habeas petition must "state the facts supporting each ground" for relief. Rules Governing § 2254 Cases, 28 U.S.C.A. foll. § 2254, Rule 2(c). Hohsfield's cursory mentions of his Bail Reform Act detention hearing and his demand for alternate relief of a new hearing are insufficient under Rule 2. Accordingly, such claims are also dismissed without prejudice.

Under 28 U.S.C. § 2253(c), a litigant may not appeal a final order in a habeas proceeding unless the judge or a circuit justice issues a certificate of appealability ("COA"). That section further directs courts to issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the

district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists would not find the Court's procedural ruling debatable. Accordingly, no certificate of appealability shall issue.

As Hohsfield's claims are not properly brought before this Court at this time, the Petition is dismissed without prejudice. An appropriate Order follows.


DATED: December 7, 2018 /s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge